**Fill in this information to identify your case:**

Debtor 1: TADEH AHANI AVANESSIANS
First Name   Middle Name   Last Name

Debtor 2:
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: Central District of California

Case number: 1:20-bk-11196-MT
(if known)

# Official Form 427
# Cover Sheet for Reaffirmation Agreement                                    12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1: Explain the Repayment Terms of the Reaffirmation Agreement

**1. Who is the creditor?**
GAIN FEDERAL CREDIT UNION
Name of the creditor

**2. How much is the debt?**
On the date that the bankruptcy case is filed   $ 29,080.99
To be paid under the reaffirmation agreement   $ 29,080.99
$ 467.26 per month for 67 months (if fixed interest rate)

**3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code § 524(k)(3)(E).)**
Before the bankruptcy case was filed   6.39 %
Under the reaffirmation agreement   6.39 %  ☑ Fixed rate
                                             ☐ Adjustable rate

**4. Does collateral secure the debt?**
☐ No
☑ Yes. Describe the collateral. 2019 Toyota Highlander; V.I.N. 5TDZARFH0KS050533
Current market value   $ 28,500.00

**5. Does the creditor assert that the debt is nondischargeable?**
☑ No
☐ Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable.

**6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts.**

Income and expenses reported on Schedules I and J | Income and expenses stated on the reaffirmation agreement

6a. Combined monthly income from line 12 of Schedule I   $ 7,145.00   |   6e. Monthly income from all sources after payroll deductions   $ _____

6b. Monthly expenses from line 22c of Schedule J   $ 7,117.00   |   6f. Monthly expenses   − $ _____

6c. Monthly payments on all reaffirmed debts not listed on Schedule J   − $ _____   |   6g. Monthly payments on all reaffirmed debts not included in monthly expenses   − $ _____

6d. Scheduled net monthly income   $ 28.00   |   6h. Present net monthly income   $ _____
Subtract lines 6b and 6c from 6a.   |   Subtract lines 6f and 6g from 6e.
If the total is less than 0, put the number in brackets.   |   If the total is less than 0, put the number in brackets.

Official Form 427                Cover Sheet for Reaffirmation Agreement                page 1

| Debtor 1 | TADEH AHANI AVANESSIANS | Case number (if known) 1:20-bk-11196-MT |
|---|---|---|
| | First Name    Middle Name    Last Name | |

7. Are the income amounts on lines 6a and 6e different?
   ☒ No
   ☐ Yes. Explain why they are different and complete line 10. _____

8. Are the expense amounts on lines 6b and 6f different?
   ☒ No
   ☐ Yes. Explain why they are different and complete line 10. _____

9. Is the net monthly income in line 6h less than 0?
   ☒ No
   ☐ Yes. A presumption of hardship arises (unless the creditor is a credit union).
   Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.

10. Debtor's certification about lines 7-9

    If any answer on lines 7-9 is Yes, the debtor must sign here.

    If all the answers on lines 7-9 are No, go to line 11.

    I certify that each explanation on lines 7-9 is true and correct.

    ✗ _Tadeh Avanessians_           ✗ _____
    Signature of Debtor 1                Signature of Debtor 2 (Spouse Only in a Joint Case)

11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?
    ☐ No
    ☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?
       ☐ No
       ☒ Yes

## Part 2: Sign Here

Whoever fills out this form must sign here.

I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement*.

✗ /s/ - Yuri Voronin        Date 7/15/2020
Signature                          MM / DD / YYYY

YURI VORONIN, Esq.
Printed Name

Check one:
☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

**B2400A/B ALT (Form 2400A/B ALT) (12/15)**

☐ Presumption of Undue Hardship
☑ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
### CENTRAL District of California

In re **TADEH AHANI AVANESSIANS**,
          Debtor

Case No. **1:20-bk-11196-MT**
Chapter **7**

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)
☑ Part B: Reaffirmation Agreement
☑ Part C: Certification by Debtor's Attorney
☑ Part D: Debtor's Statement in Support of Reaffirmation Agreement
☐ Part E: Motion for Court Approval

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 2400C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:** GAIN FEDERAL CREDIT UNION

☑ *Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1.     DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

    The amount of debt you have agreed to reaffirm:    $ 29,080.99     *TA*

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                    2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: _____%.

--- *And/Or* ---

        (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

        $_____ @ _____%;
        $_____ @ _____%;
        $_____ @ _____%.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

        (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 6.39 %.

--- And/Or ---

        (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed,

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                            3

the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 2019 Toyota Highlander | $31,574.31 |
| V.I.N. 5TDZARFH0KS050533 | |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**                    TM

Your first payment in the amount of $ 467.26 _____ is due on 7/28/2020 _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— Or —

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each month _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

— Or —

A reasonably specific description of the debtor's repayment obligations to the extent known by

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                             4

the creditor or creditor's representative.

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

*TR* **Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

    1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

    2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

    3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

    4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

    5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

    6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

    7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                    5

## ᴛᴍ YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

ᴛᴍ  What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                             6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:
   Contract

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

TADEH AHANI AVANESSIANS

(Print Name)

_____*Tadeh Avanessians*_____
(Signature)

Date: _____

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

**Gain Federal Credit Union**

(Printed Name of Creditor)

1800 W. Magnolia Blvd, Burbank, CA 91506
(Address of Creditor)

*Yvonne Boutte*
(Signature)

*Yvonne Boutte, Loan Servicing Mgr*
7/16/2020
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:
**5/1/2019**

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                    7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: __SEVAN GORGINIAN__

Signature of Debtor's Attorney: ___/s/ Sevan Gorginian___

Date: __7/15/2020__

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                                      8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, __OR__, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 __and__ your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $_____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 6000 Est. , leaving $ Est. 1,000 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____
_____ .

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____ Tadeh Avanessians _____
(Debtor)

(Joint Debtor, if any)
Date: 7/15/2020

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____ Tadeh Avanessians _____
(Debtor)

_____
(Joint Debtor, if any)

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                      9

Date: _____


## PART E: MOTION FOR COURT APPROVAL
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*


### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)


Signed:_____
       (Debtor)

_____
(Joint Debtor, if any)

Date: _____



1800 W. Magnolia Blvd.
Burbank, CA 91506
GainFCU.com

# Loan and Security Agreements and Disclosure Statement

☐ Covered Borrower Under Military Lending Act

| ☒ FIXED RATE ☐ STEP RATE ☐ VARIABLE RATE | LOAN DATE 07/29/2019 | ACCOUNT NUMBER | LOAN NUMBER 03 | MATURITY DATE 07/28/2026e |
|---|---|---|---|---|

| BORROWER 1 (Name & Address) | BORROWER 2 (Name & Address) |
|---|---|
| TADEH AVANESSIANS<br>17118 INDEX ST<br>GRANADA HILLS, CA 91344 | |

| BORROWER 3 (Name & Address) | BORROWER 4 (Name & Address) |
|---|---|
| | |

### TRUTH IN LENDING DISCLOSURE ('e' means an estimate)

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. | Amount Financed<br>The amount of credit provided to You or on Your behalf. | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled. | Total Sale Price<br>The total cost of Your purchase on credit is $31,574.31 which includes Your downpayment of |
|---|---|---|---|---|
| 6.390%e | $7,674.96  e | $31,574.31  e | $39,249.27  e | $0.00 |

Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 83 | $467.26 | Monthly | Beginning 08/28/2019 |
| 1 | $466.69 | | 07/28/2026e |

Prepayment: If You pay off early You will not have to pay a penalty.
Required Deposit: The Annual Percentage Rate does not take into account Your required deposit, if any.
Demand: ☐ This obligation has a demand feature.
☐ All disclosures are based on an assumed maturity of one year.

Property Insurance: You may obtain property insurance from anyone You want that is acceptable to the Credit Union. If You get the insurance from the Credit Union You will pay $N/A

| Filing Fees | Non-Filing Insurance |
|---|---|
| $0.00 | $0.00 |

Late Charge:
If You are seven (7) or more days late, You may be charged 20% of the interest due.

Security: Collateral securing other loans with the Credit Union may also secure this Loan. You are giving a security interest in Your shares and dividends and, if any, Your deposits and interest in the Credit Union; and the Property described below:

| Collateral | Property/Model/Make | Year | I.D. Number | Type | Value | Key Number |
|---|---|---|---|---|---|---|
| NEW AUTO | Toyota Highlander | 2019 | 5TDZARFH0KS050533 | 01 | $32,775.00<br>$<br>$ | N/A |

Other (Describe)
Pledge of Shares $              in Account No.              $              in Account No.

Variable Rate:
If the Variable Rate box is checked above, the following applies: The Annual Percentage Rate (APR) will increase during the term of this transaction if You discontinue Your automatic payments from GAIN Federal Credit Union savings or checking account through "Auto Pay" or once You are on "Auto Pay" You make any manual payment using a call center representative, teller, cash, automated phone teller, or postal mail to present a physical check, or electronic check. At that time the APR will increase by .50%. Any increase in the APR will result in more payments. For example, if Your loan were for $4000.00 for 48 months at 4.00% and the rate increased to 4.50% after 1 year, You would have to make 1 additional payment.

See Your contract documents for any additional information about nonpayment, default, and any required repayment in full before the scheduled date.

LOANLINER.
© CUNA Mutual Group 1999, 2000, 01, 02, 03, 04, 06, 08, 2016, 18
All Rights Reserved

Page 1 of 5

10403477-NZX01-C-1-102518 (NZX011-E)

| Credit Union GAIN Federal Credit Union | | Acct No | Loan No.03 |
|---|---|---|---|
| **ITEMIZATION OF THE AMOUNT FINANCED ('e' means an estimate)** | | | |
| Itemization of Amount Financed of $31,574.31 | Amount Given to You Directly $0.00 | Amount Paid on Your Account $0.00 | Prepaid Finance Charge $0.00 |
| Amounts Paid to Others on Your Behalf: (If an amount is marked with an asterisk (*) We will be retaining a portion of the amount.) | | | |
| $31,574.31 | To HAMER TOYOTA | $ To | |
| $ | To | $ To | |
| $ | To | $ To | |
| $ | To | $ To | |
| $ | To | $ To | |
| $ | To | $ To | |
| $ | To | $ To | |

### MILITARY LENDING ACT DISCLOSURES

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

Please call Us at 1 (800) 622-3328 to receive oral disclosures of the Military Lending Act disclosure above and a description of the payment obligation.

A "Covered Borrower" for purposes of this loan means a consumer who, at the time the consumer becomes obligated on this loan, is a covered member or a dependent of a covered member as defined by the Military Lending Act. A Covered Borrower does not mean a consumer who (though a Covered Borrower at the time he or she became obligated on this transaction) no longer is a covered member or a dependent of a covered member as defined by the Military Lending Act.

### LOAN AGREEMENT

In this Loan Agreement ("Agreement") all references to "Credit Union", "We", "Our" or "Us" mean the Credit Union whose name appears above and anyone to whom the Credit Union assigns or transfers this Agreement. All references to "You" or "Your" mean each person who signs, or otherwise authenticates, this Agreement as a borrower.

**1. PROMISE TO PAY** - You promise to pay $31,574.31     to the Credit Union plus interest on the unpaid balance until what You owe has been repaid.

For **fixed rate** loans, the interest rate is     6.390% per year.

For **step-rate** loans, the initial interest rate will be     % until     and then the interest rate will be     % until the balance is repaid in full.

For **variable rate** loans, the initial interest rate is     N/A% per year and will vary as follows:

If the Variable Rate box is checked above, the following applies: The Annual Percentage Rate (APR) will increase during the term of this transaction if You discontinue Your automatic payments from GAIN Federal Credit Union savings or checking account through "Auto Pay" or once You are on "Auto Pay" You make any manual payment using a call center representative, teller, cash, automated phone teller, or postal mail to present a physical check, or electronic check. At that time the APR will increase by .50%. Any increase in the APR will result in more payments. For example, if Your loan were for $4000.00 for 48 months at 4.00% and the rate increased to 4.50% after 1 year, You would have to make 1 additional payment.

**Collection Costs:**

You may have to pay collection costs: You will pay Our reasonable costs to collect what You owe, including but not limited to attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts.

**2. PAYMENTS** - You promise to make payments of the amount and at the time shown in the Truth in Lending Disclosure. If this is a variable rate loan, the Promise to Pay section tells You whether, if the interest rate increases, You will have to make more payments, higher payments, or if the final payment will be a balloon payment. You may prepay any amount without penalty. If You prepay any part of what You owe, You are still required to make the regularly scheduled payments, unless We have agreed to a change in the payment schedule. Because this is a simple interest loan, if You do not make payments exactly as scheduled, Your final payment may be more or less than the amount of the final payment that is disclosed. If You elect voluntary payment protection, We will either include the premium or program fee(s) in Your payments or extend the term of Your loan. If the term is extended, You will be required to make additional payments of the scheduled amount, until what You owe has been paid. You promise to make all payments to the place We choose. If this loan refinances another loan You have with Us, the other loan will be canceled and refinanced as of the date of this loan. Unless otherwise required by law, payments will be applied to amounts owed in the manner We choose.

**3. LOAN PROCEEDS BY MAIL** - If the proceeds of this loan are mailed to You, interest on this loan begins on the date the loan proceeds are mailed to You.

| Credit Union GAIN Federal Credit Union | Acct No | Loan No. 03 |

**4. SECURITY FOR LOAN** - This Agreement is secured by all property described in the "Security" section of the Truth in Lending Disclosure. Property securing other loans You have with Us also secures this loan, unless the property is a dwelling or otherwise prohibited by federal and/or state law. In addition to Your pledge of shares, We may also have what is known as a statutory lien on all individual and joint accounts You have with Us. A statutory lien means We have the right under federal and/or state law to claim an interest in Your accounts. Unless otherwise prohibited by federal and/or state law, We can enforce a statutory lien against Your shares and dividends and, if any, interest and deposits, in all individual and joint accounts You have with Us to satisfy any outstanding financial obligation that is due and payable to Us. We may exercise Our right to enforce this lien without further notice to You, to the extent permitted by law. *For all borrowers:* You pledge as security for this loan all shares and dividends and, if any, all deposits and interest in all joint and individual accounts You have with the Credit Union now and in the future. **The statutory lien and/or Your pledge will allow Us to apply the funds in Your account(s) to what You owe when You are in default.** If a dollar amount and account number are listed in the "Security" section of the Truth in Lending Disclosure, You may not withdraw the amount that has been specifically pledged to secure this loan until the Credit Union agrees to release all or part of the pledged amount. The statutory lien and Your pledge do not apply to any Individual Retirement Account or any other account that would lose special tax treatment under state or federal law if given as security.

**5. DEFAULT** - You will be in default under this Agreement if You do not make a payment of the amount required on or before the date it is due. You will be in default if You break any promise You made in connection with this loan or if anyone is in default under any security agreement made in connection with this Agreement. You will be in default if You die, file for bankruptcy, become insolvent (that is, unable to pay Your bills and loans as they become due), or if You made any false or misleading statements in Your loan application. You will also be in default if something happens that We believe may seriously affect Your ability to repay what You owe under this Agreement or if You are in default under any other loan agreement You have with Us.

**6. ACTIONS AFTER DEFAULT** - When You are in default, We may demand immediate payment of the entire unpaid balance under this Agreement. If We demand immediate payment, You will continue to pay interest at the rate provided for in this Agreement, until what You owe has been repaid. **We will also apply against what You owe any shares and/or deposits given as security under this Agreement.** We may also exercise any other rights given by law when You are in default. Unless **You are a Covered Borrower under the Military Lending Act, You waive any right You have to receive demand for payment, notice of intent to demand immediate payment and notice of demand for immediate payment.**

**7. EACH PERSON RESPONSIBLE** - Each person who signs, or otherwise authenticates, this Agreement will be individually and jointly responsible for paying the entire amount owed under this Agreement. This means We can enforce Our rights against any one of You individually or against all of You together.

**8. LATE CHARGE** - If You are late in making a payment, You promise to pay the late charge shown in the Truth in Lending Disclosure. If no late charge is shown, You will not be charged one.

**9. DELAY IN ENFORCING RIGHTS** - We can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later. We can enforce this Agreement against Your heirs or legal representatives.

**10. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**11. NOTICES** - Notices will be sent to You at the most recent address You have given Us in writing. Notice to any one of You will be notice to all.

**12. USE OF ACCOUNT** - You promise to use Your account for consumer (personal, family or household) purposes, unless the Credit Union gives You written permission to use the account also for agricultural or commercial purposes, or to purchase real estate.

**13. NO ORAL AGREEMENTS -- THIS NOTE CONSTITUTES A "WRITTEN LOAN AGREEMENT" PURSUANT TO SECTION 26.02 OF THE TEXAS BUSINESS AND COMMERCE CODE, IF SUCH SECTION APPLIES. THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**14.** The following is required by Vermont law: **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

**15. NOTICE TO UTAH BORROWERS:** This written Agreement is the final expression of the Agreement between You and the Credit Union. This written Agreement may not be contradicted by evidence of any oral agreement.

**16. OTHER PROVISIONS** -

Default Rate: If You become 30 or more days delinquent, Your APR may increase by .50% until You become current which may result in additional payments.

| SECURITY AGREEMENT |

In this Security Agreement ("Agreement") all references to "Credit Union", "We", "Our" or "Us" mean the Credit Union whose name appears on this document and anyone to whom the Credit Union assigns or transfers this Agreement. All references to the "Loan" mean the loan described in the Loan Agreement that is part of this document. All references to "You" or "Your" mean any person who signs, or otherwise authenticates, this Agreement.

**1. THE SECURITY FOR THE LOAN** - You give Us what is known as a security interest in the Property described in the "Security" section of the Truth in Lending Disclosure that is part of this document ("the Property"). The security interest You give includes all accessions. Accessions are things which are attached to or installed in the Property now or in the future. The security interest also includes any replacements for the Property which You buy within 10 days of the Loan and any extensions, renewals or refinancings of the Loan. It also includes any money You receive from selling the Property or from insurance You have on the Property. If the value of the Property declines, You promise to give Us more property as security if asked to do so.

| Credit Union  GAIN Federal Credit Union | Acct No. | Loan No. 03 |
|---|---|---|

**2. WHAT THE SECURITY INTEREST COVERS/CROSS COLLATERAL PROVISIONS** - The security interest secures the Loan and any extensions, renewals or refinancings of the Loan. Unless prohibited by applicable law, the security interest also secures any other loans, including any credit card loan, You have now or receive in the future from Us and any other amounts You owe Us for any reason now or in the future, except any loan secured by Your principal dwelling. If the Property is household goods as defined by the Federal Trade Commission Credit Practices Rule or Your principal dwelling, the Property will secure only this Loan and not other loans or amounts You owe Us.

**3. OWNERSHIP OF THE PROPERTY** - You promise that You own the Property or, if this Loan is to buy the Property, You promise You will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that You have not already told Us about. You promise that You own the Property or, if this Loan is to buy the Property, You promise You will use the Loan proceeds for that purpose. You promise that no one else has any interest in or claim against the Property that You have not already told Us about. You promise not to sell, rent, or lease the Property, to transfer any or all of Your interest in the Property, or to use it as security for a loan with another creditor until the Loan is repaid. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. You promise You will allow no other security interest or lien to attach to the Property either by Your actions or by operation of law.

**4. PROTECTING THE SECURITY INTEREST** - If Your state issues a title for the Property, You promise to have Our security interest shown on the title. We may have to file what is called a financing statement to protect Our security interest from the claims of others. You irrevocably authorize Us to execute (on Your behalf), if applicable, and file one or more financing, continuation or amendment statements pursuant to the Uniform Commercial Code (UCC) in a form satisfactory to Us. You promise to do whatever else We think is necessary to protect Our security interest in the Property. You also promise to pay all costs, including but not limited to any attorney fees, We incur in protecting Our security interest and rights in the Property, to the extent permitted by applicable law.

**5. USE OF PROPERTY** - Until the Loan has been paid off, You promise You will: (1) Use the Property carefully and keep it in good repair. (2) Obtain Our written permission before making major changes to the Property or changing the address where the Property is kept. (3) Inform Us in writing before changing Your address. (4) Allow Us to inspect the Property. (5) Promptly notify Us if the Property is damaged, stolen or abused. (6) Not use the Property for any unlawful purpose. (7) Not retitle the Property in another state without telling Us. (8) Not move the vehicle from the U.S. or Canada without Our written permission.

**6. PROPERTY INSURANCE, TAXES AND FEES** - You promise to pay all taxes and fees (like registration fees) due on the Property and to keep the Property insured against loss and damage. The amount and coverage of the property insurance must be acceptable to Us. You may provide the property insurance through a policy You already have, or through a policy You get and pay for. You promise to make the insurance policy payable to Us and to deliver the policy or proof of coverage to Us if asked to do so.

If You cancel Your insurance and get a refund, We have a right to the refund. If the Property is lost or damaged, We can use the insurance settlement to repair the Property or apply it towards what You owe. You authorize Us to endorse any draft or check which may be payable to You in order for Us to collect any refund or benefits due under Your insurance policy.

If You do not pay the taxes or fees on the Property when due or keep it insured, We may pay these obligations, but We are not required to do so. Any money We spend for taxes, fees or insurance will be added to the unpaid balance of the Loan and You will pay interest on those amounts at the same rate You agreed to pay on the Loan. We may receive payments in connection with the insurance from a company which provides the insurance. We may monitor Our loans for the purpose of determining whether You and other borrowers have complied with the insurance requirements of Our loan agreements or may engage others to do so. The insurance charge added to the Loan may include (1) the insurance company's payments to Us and (2) the cost of determining compliance with the insurance requirements. If We add amounts for taxes, fees or insurance to the unpaid balance of the Loan, We may increase Your payments to pay the amount added within the term of the insurance or term of the Loan.

**7. INSURANCE NOTICE** - If You do not purchase the required property insurance, the insurance We may purchase and charge You for will cover only Our interest in the Property. The premium for this insurance may be higher because the insurance company may have given Us the right to purchase insurance after uninsured collateral is lost or damaged. **The insurance will not be liability insurance and will not satisfy any state financial responsibility or no fault laws.**

**8. DEFAULT** - You will be in default if You break any promise You make or fail to perform any obligation You have under this Agreement. You will also be in default under this Agreement if the Loan is in default. You will be in default if any Property You have given Us as security is repossessed by someone else, seized under a forfeiture or similar law, or if anything else happens that significantly affects the value of the Property or Our security interest in it.

**9. WHAT HAPPENS IF YOU ARE IN DEFAULT** - When You are in default, We may demand immediate payment of the outstanding balance of the Loan without giving You advance notice and take possession of the Property. You agree the Credit Union has the right to take possession of the Property without judicial process if this can be done without breach of the peace. If We ask, You promise to deliver the Property at a time and place We choose. If the Property is a motor vehicle or boat, You agree that We may obtain a key or other device necessary to unlock and operate it, when You are in default. We will not be responsible for any other property not covered by this Agreement that You leave inside the Property or that is attached to the Property. We will try to return that property to You or make it available for You to claim.

After We have possession of the Property, We can sell it and apply the money to any amounts You owe Us. We will give You notice of any public disposition or the date after which a private disposition will be held. Our expenses for taking possession of and selling the Property will be deducted from the money received from the sale. Those costs may include the cost of storing the Property, preparing it for sale and attorney's fees to the extent permitted under state law or awarded under the Bankruptcy Code.

If You have agreed to pay the Loan, You must pay any amount that remains unpaid after the sale money has been applied to the unpaid balance of the Loan and to what You owe under this Agreement. You agree to pay interest on that amount at the same rate as the Loan until that amount has been paid.

**10. DELAY IN ENFORCING RIGHTS AND CHANGES IN THE LOAN** - We can delay enforcing any of Our rights under this Agreement any number of times without losing the ability to exercise Our rights later. We can enforce this Agreement against Your heirs or legal representatives. If We change the terms of the Loan, You agree that this Agreement will remain in effect.

**11. CONTINUED EFFECTIVENESS** - If any part of this Agreement is determined by a court to be unenforceable, the rest will remain in effect.

**12. NOTICE FOR ARIZONA OWNERS OF PROPERTY** - It is unlawful for You to fail to return a motor vehicle that is subject to a security interest, within thirty days after You have received notice of default. The notice will be mailed to the address You gave

| Credit Union GAIN Federal Credit Union | Acct N: | Loan No.03 |
|---|---|---|

Us. It is Your responsibility to notify Us if Your address changes. The maximum penalty for unlawful failure to return a motor vehicle is one year in prison and/or a fine of $150,000.00.

☐ *The following notice applies ONLY when the box at left is marked.*

**13. NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**14. OTHER PROVISIONS –**

## SIGNATURES

By signing, or otherwise authenticating, as Borrower, You agree to the terms of the Loan Agreement. If Property is described in the "Security" section of the Truth in Lending Disclosure, You also agree to the terms of the Security Agreement. If You sign, or otherwise authenticate, as "Owner of Property" You agree only to the terms of the Security Agreement.

**CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE AGREEMENT BEFORE YOU SIGN IT**

| Borrower 1 Signature | Date |
|---|---|
| DocuSigned by:<br>X *TADEH AVANESSIAN*<br>—AFCE948CD73F431... | 7/29/2019<br>(Seal) |

TADEH AVANESSIANS

| Borrower 2 Signature | Date |
|---|---|
| X | (Seal) |

| Signature | Date |
|---|---|
| X | (Seal) |

☐ Borrower 3:
☐ Owner of Property    ☐ Witness

| Signature | Date |
|---|---|
| X | (Seal) |

☐ Borrower 4:
☐ Owner of Property    ☐ Witness

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

7120 Hayvenhurst Ave., Suite 300, Van Nuys, CA 91406

A true and correct copy of the foregoing document entitled (*specify*): __**REAFFIRMATION AGREEMENT**__
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/16/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   - Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
   - David Seror (TR)    aquijano@bg.law, C133@ecfcbis.com
   - United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 07/16/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge: Honorable Maureen A. Tighe - 21041 Burbank Boulevard, Suite 324, Woodland Hills, CA 91367

Debtor(s): Tadeh Ahani Avanessians - 17118 Index Street, Granada Hills, CA 91344

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than p24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/16/2020 | Erin Mascorro | /s/ E. Mascorro |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**