| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| STEVEN GUBNER – Bar No. 156593<br>TAMAR TERZIAN – Bar No. 254148<br>BRUTZKUS GUBNER<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile:  (818) 827-9099<br>Email:      sgubner@bg.law<br>            tterzian@bg.law | |

☐ *Individual appearing without attorney*
☒ *Attorney for:*  David Seror, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>TADEH AHANI AVANESSIANS,<br><br>                        Debtor. | CASE NO.: 1:20-bk-11196-MT<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION FOR:**<br><br>MOTION TO: (1) APPROVE SALE OF PERSONAL PROPS FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT...<br><br>***(Specify name of Motion)*** |
| <br><br><br><br><br>                        Debtor(s). | DATE: 10/20/2021<br>TIME:  10:30 am<br>COURTROOM: 302<br>PLACE: Via Zoom.Gov (See Telephonic Instructions on<br>        cacb.uscourts.gov and Supplemental Notice |

1.  TO (*specify name*):  TO THE HONORABLE MAUREEN A. TIGHE, THE DEBTOR AND COUNSEL OF RECORD,

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:  09/29/2021

BRUTZKUS GUBNER
Printed name of law firm


/s/ Tamar Terzian
Signature


Tamar Terzian
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 2                          **F 9013-1.1.HEARING.NOTICE**

1  STEVEN GUBNER – Bar No. 156593
   TAMAR TERZIAN – Bar No. 254148
2  BRUTZKUS GUBNER
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA 91367
   Telephone:  (818) 827-9000
4  Facsimile:   (818) 827-9099
   Email:       sgubner@bg.law
5               tterzian@bg.law

6  Attorneys for David Seror, Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DISTRICT**

| | |
|---|---|
| In re | Case No. 1:20-bk-11196-MT |
| TADEH AHANI AVANESSIANS, | Chapter 7 |
| Debtor. | **MOTION BY CHAPTER 7 TRUSTEE TO: (1) APPROVE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. § 363(b), (f) and (i);  (2) APPROVE BIDDING PROCEDURES; AND (3) DETERMINE THAT BUYERS ARE ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. § 363(m); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID SEROR IN SUPPORT THEREOF** |
| | **Hearing:** |
| | **Date:**    October 20, 2021 |
| | **Time:**    10:30 a.m. |
| | **Place:**   Courtroom 302 |
| | Via Zoom.Gov (See Telephonic Instructions on cacb.uscourts.gov and Supplemental Notice |

2582743

# TABLE OF CONTENTS

Page

I.    JURISDICTION AND VENUE ...................................................................4

II.   RELIEF REQUESTED..............................................................................4

III.  BACKGROUND .......................................................................................4

IV.   THE SALE TERMS ..................................................................................5

V.    THE PROPOSED BIDDING PROCEDURES .........................................7

VI.   DISCUSSION ...........................................................................................9

    A.    The Bankruptcy Court Should Authorize the Sale of the Personal Property in Accordance with the APA .........................................................................9

    B.    The Bankruptcy Court Should Authorize the Sale of the Personal Property Free and Clear of All Liens, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363(f).................................................................................................10

    C.    Sound Business Reason Exists for the Sale of the Personal Property ...................11

    D.    The Proposed Consideration is Fair and Reasonable...........................................11

    E.    The Court Should Find That Notice Was Provided To Debtor Pursuant to 11 U.S.C. §363(i)....................................................................................................12

    F.    The Trustee Negotiated the Sale of the Personal Property in Good Faith .............12

    G.    Adequate Notice of the Sale is Being Provided...................................................12

    H.    The Court Should Waive the Stay Provided by Federal Rules of Bankruptcy Procedure 6004(h)................................................................................................13

VII.  CONCLUSION.........................................................................................13

# TABLE OF AUTHORITIES

Page

## CASES

Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot),
    94 B.R. 343, 345 (E.D. Pa. 1988) ........................................................................10

In re Canyon Partnership,
    55 B.R. 520 (Bankr. S.D. Cal. 1985) ....................................................................9

In re Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC),
    391 B.R. 25, 37 (B.A.P. 9th Cir. 2008)...............................................................10

In re Collins,
    180 B.R. 447, 450 (Bankr. E.D. Va. 1995)..........................................................10

In re Condere,
    228 B.R. 615 (Bankr. S.D. Miss. 1998)...........................................................9, 10

In re Cont'l Airlines, Inc.,
    780 F.2d at 1226 ....................................................................................................9

In re Curlew Valley Assocs.,
    14 B.R. 506, 513-14 (Bankr. D. Utah 1981) ........................................................9

In re Financial News Network, Inc.,
    931 F.2d 217 (2d Cir. 1991)................................................................................10

In re Integrated Resources, Inc.,
    135 B.R. 746 (Bankr. S.D.N.Y. 1992) .................................................................8

In re Keystone Mine Mgmt. II,
    2015 WL 4143510, *4 (Bankr. E.D. Cal. 2015) ................................................10

In re Lionel Corp.,
    722 F.2d 1063, 1071 (2d Cir. 1983)......................................................................9

In re P.K.R. Convalescent Ctrs., Inc.,
    189 B.R. 90, 94 (Bankr. E.D. Va. 1995)............................................................10

Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.),
    780 F.2d 1223, 1226 (5th Cir. 1986) ...................................................................9

Meyers v. Martin (In re Martin),
    91 F.3d 389, 395 (3d Cir. 1996)............................................................................9

## STATUTES

11 U.S.C. § 363................................................................4, 6, 9, 10, 12, 13, 14

11 U.S.C. § 507(a) ........................................................................................5, 13

11 U.S.C. § 541(a)(1)........................................................................................9

11 U.S.C. § 724(b)(2) .................................................................................11, 14

28 U.S.C. § 157.........................................................................................................4

28 U.S.C. § 157(b)(2) ..............................................................................................4

28 U.S.C. § 1334.......................................................................................................4

28 U.S.C. § 1408.......................................................................................................4

28 U.S.C. § 1409.......................................................................................................4

## OTHER AUTHORITIES

10 COLLIER ON BANKRUPTCY, ¶ 6004.10 (15th ed. rev. 2009) .............................................13

3 COLLIER ON BANKRUPTCY, ¶ 363.02 (15th ed. rev. 2009)...........................................10

## RULES

Federal Rule of Bankruptcy Procedure 6004(h) .........................................................13, 14

Federal Rule of Bankruptcy Procedure 2002(a) ..........................................................13

Local Bankruptcy Rule 6004-1(f).........................................................................12

**TO THE HONORABLE MAUREEN A. TIGHE, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND HIS COUNSEL OF RECORD, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

David Seror, the duly appointed and acting Chapter 7 Trustee  (the "Trustee") for the bankruptcy estate (the "Estate") of debtor Tadeh Ahani Avanessians (the "Debtor"), hereby moves this Court for an order approving bidding procedures and authorizing the sale ("Sale") of certain personal property assets of the Estate consisting of the Estate's right, title and interest in and to any and all contract rights and payments of any kind, arising from (1) Any and all of Debtor's alleged ownership interests in ATS (albeit disputed), including all Debtor's ATS shares and any and all rights to distributions or other payments from ATS[1]; (2) Any and all of Debtor's alleged claims against ATS and/or its principals, Michael Trunnel and David Sagherian (both individually and in all ATS corporate capacities), including, but is not limited to any and all pre-petition claims alleged (or not alleged) by the Debtor in his Bankruptcy Schedules (including amended Schedules), any and all derivative claims alleged (or not alleged) by the Debtor as a putative shareholder of ATS, and any and all other alleged claims by the Debtor and/or Estate against ATS, and/or its principals whether contingent, unliquidated or disputed; and (3) any and all of the of the Debtor's alleged claims in his Bankruptcy Schedules (including amended Schedules) for, "Money owed to Debtor from his former partnership ATS Accounting (collectively, the "Personal Property") as identified in the Asset Purchase Agreement dated September 15, 2021 ("APA")[2], free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. Section ("§") 363(b)(1), (f) and (i) with such liens, claims, interests and encumbrances to attach to sale proceeds with the same priority and rights of enforcement as previously existed, subject to any objections or dispute, and with a further finding that the proposed buyers are entitled to a good faith determination under § 363(m) (the "Motion"). The order approving the Motion shall be referred to herein as the "Sale Order".  The Personal

---

[1] For purposes of disclosure, the ATS shares are subject to restrictions on transfer and other restrictions imposed by the ATS corporate agreements.  Buyer is taking the ATS shares, subject to all restrictions.

[2] The Personal Property is defined and identified in the APA, and in the event of ambiguity the APA controls.

1  Property excludes all forms of payments or personal property received by Trustee from the Petition

2  Date through the effective date of the APA, if any.

3      The Trustee has received an offer from the proposed buyers, Michael Trunnell, an individual

4  and David Sagherian, an individual (collectively referred to herein as "Buyers") to purchase the

5  Personal Property for $25,000.00 ("Sale Price") as detailed in the APA, a true and correct copy of

6  which is attached as **Exhibit "1"** to the Declaration of David Seror ("Trustee Decl."), attached

7  hereto and incorporated herein by this reference.  The Motion is brought to seek approval of the

8  bidding procedures and authority for the sale of the Personal Property to the Buyers, or to the highest

9  qualified overbidder, on the terms set forth in the APA at the time of the sale, on an "AS-IS,

10  WHERE-IS" basis, with no representations or warranties, as detailed in the Motion and for a further

11  finding that the Buyers are entitled to a good faith determination pursuant to 11 U.S.C § 363(m).

12      In support of this Motion, the Trustee relies on these moving papers, and any exhibits

13  attached hereto, the Memorandum of Points and Authorities, the Trustee's Declaration in support of

14  the Motion, the notice of Motion, and on such other arguments and evidence as may be presented by

15  counsel at the time of the hearing on the Motion.

16      Accordingly, the Trustee respectfully requests that this Court enter an order:

17      1.    Approving the Bidding Procedures (defined below) as set forth in the Motion;

18      2.    Approving the sale of the Personal Property free and clear of liens, interests and

19  encumbrances pursuant to 11 U.S.C. § 363(f), but with such liens, claims, encumbrances and

20  interests to attach to the Sale proceeds with the same priority and rights of enforcement as previously

21  existed, subject to any objections or dispute, to the Buyers or the Highest Bidder (defined below)

22  pursuant to the terms of the APA;

23      3.    Authorizing the sale of the Personal Property to the Buyers or the Highest Bidder on

24  an AS-IS, WHERE- IS basis, without any representations or warranties by the Trustee;

25      4.    Authorizing the payment of the ordinary costs of sale from the Trustee's account at

26  the time of sale;

27      5.    Finding that the Buyers or the Highest Bidder, if not the Buyer, are "good faith"

28  purchaser pursuant to 11 U.S.C § 363(m);

6.      Authorizing all Sale proceeds held by the Trustee pending full administration of this bankruptcy case;

7.      Authorizing and empowering the Trustee to execute and deliver on behalf of the Estate any and all documents as are reasonably necessary to implement the terms of the proposed Sale;

8.      Finding that notice given by the Trustee in connection with the Sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of title 11 of the United States Code and the F.R.B.P.;

9.      Waiving the 14-day stay prescribed by F.R.B.P 6004(h); and

10.     Granting such other and further relief as this Court deems just and appropriate.


DATED:  September 29, 2021                    BRUTZKUS GUBNER


                                              By: /s/ Tamar Terzian
                                              Tamar Terzian
                                              Attorneys for David Seror, Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    RELIEF REQUESTED

The Trustee seeks the entry of an order under 11 U.S.C. § 363(b), (f), (i) and (m) and F.R.B.P. 2002, 6004, 6006 and 9014, approving the Bidding Procedures (defined below) and authorizing and approving the sale of the Personal Property (the "Sale") free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interests to attach to the sale proceeds with the same priority and rights of enforcement as previously existed, subject to any objections or dispute, on an AS-IS, WHERE-IS" basis, with no representations or warranties, to the proposed Buyers for the Sale Price of $25,000, subject to overbid by a qualified bidder, pursuant to the terms of the APA (attached as Exhibit "1" to Trustee Decl.) and with a determination that the Buyers, or the Highest Bidder (defined below) if not the Buyers, is a "good faith" purchaser.

## III.    BACKGROUND

On July 8, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the bankruptcy case ("Case").  The Trustee is the duly appointed, acting and permanent Chapter 7 Trustee of the Estate in the Case.

The Debtor on Schedule "B" disclosed a 33% interest in ATS Accounting Group, Inc. with a stated "Unknown" value

Based on his review of the bankruptcy schedules filed by Debtor the Trustee believes that the Personal Property is not subject to liens, encumbrances or interests.

To the extent any liens are asserted against the Personal Property, such liens will attach to the funds received by the Estate from the sale of the Personal Property in the same priority, validity, and scope as such liens currently exist against the Personal Property, but the Personal Property will be sold free and clear of all liens.

2582743

4

1    The Trustee has no relationship to or with Buyers and is not related to Buyers in any manner.

2  Trustee has reviewed the Debtor's schedules.  Based on this review, Trustee has determined that

3  Buyers are creditors of the Estate.  Notwithstanding Buyers being named as creditors, the Trustee

4  believes that Buyers are good faith purchasers.  *See* Trustee Decl. ¶ 14.  Trustee and Buyers have

5  negotiated the APA at "arm's length".

6    The Trustee will market the Personal Property utilizing the Danning Gill and National

7  Association of Bankruptcy Trustee Web Site.   Buyers have offered the highest and best pricefor the

8  Personal Property as of the date of the Motion.

9  **IV.    THE SALE TERMS**

10    On or about September 15, 2021, the Trustee and the Buyers entered into the APA.  The

11  following is a summary of the salient terms of the APA.  Parties in interest should consult the APA

12  (**Exhibit "1" to Trustee Decl. appended hereto**) for the full and complete terms and conditions of

13  the proposed Sale.  In the event that the following summary of terms of the Sale is found to conflict

14  with the APA, the terms of the APA shall control.

15    1.    <u>Property to be Sold</u>:  The Trustee proposes to sell the assets that are the subject  of the

16  APA which consist of certain personal property assets of the Estate ("Personal Property") consisting

17  of all of the Estate's right, title and interest as of September 15, 2021 in:

18    a.  Any and all of Debtor's alleged ownership interests in ATS (albeit disputed),

19      including all Debtor's ATS shares and any and all rights to distributions or other

20      payments from ATS;

21    b.  Any and all of Debtor's alleged claims against ATS and/or its principals,

22      Michael Trunnel and David Sagherian (both individually and in all ATS

23      corporate capacities), including, but is not limited to any and all pre-petition

24      claims alleged (or not alleged) by the Debtor in his Bankruptcy Schedules

25      (including amended Schedules), any and all derivative claims alleged (or not

26      alleged) by the Debtor as a putative shareholder of ATS, and any and all other

27      alleged claims by the Debtor and/or Estate against ATS, and/or its principals

28      whether contingent, unliquidated or disputed; and,

2582743

c.    any and all of the of the Debtor's alleged claims in his Bankruptcy Schedules (including amended Schedules) for, "Money owed to Debtor from his former partnership ATS Accounting.

2.    Sale Price:  The Trustee proposes that the Buyers purchase the Personal Property from the Estate for a total sale price of $25,000.00 (the "Sale Price") payable upon execution of the APA subject to overbid and pursuant to the Bidding Procedures (defined below) set forth in the Motion and Court approval of the Motion.  In the event the Buyers are not the Highest Bidder (defined below) at the hearing on the Motion, the Trustee shall return, upon entry of the Sale Order, the Sale Price to the Buyers as has been paid to the Trustee by them.

3.    Free and Clear of Any and All Interests, Liens, Claims and Encumbrances:  The Trustee proposes to sell the Personal Property free and clear of all interests, liens, claims and encumbrances pursuant to 11 U.S.C. § 363(b)(1), (f) and (i) as described in the Motion and any and all such interests, liens, claims and encumbrances, subject to such disputes as may exist and may be resolved by the Court, shall attach to and/or seek recovery from the funds received by Trustee on behalf of the Estate. To the extent there are valid restrictions on the transfer of the shares of stock in ATS, the sale is subject to those restrictions.

4.    No Representations and Warranties:  The Personal Property is being sold by the Trustee on an **AS-IS, WHERE-IS** basis, without any representations or warranties regarding the condition of the Personal Property.

5.    Refund of Sale Price:  The Parties shall be responsible for their respective legal, accounting, and other fees and expenses related to the transactions contemplated by the APA.  If and only if Buyers are not the ultimate qualified highest bidder (the "Highest Bidder") at the hearing on the Motion (the "Hearing") or, in the event that Highest Bidder defaults, and Buyers are not the next highest bidder who is asked to pay the next highest bid, then and only then, Trustee will refund to Buyers the deposit of the Sale Price tendered by Buyers to purchase the Personal Property.

6.    Liquidated Damages, Buyers Default:  In the event the Buyers are the Highest Bidder approved by the Court, or the next highest bidder in the event that the Highest Bidder defaults, and Buyers do not tender the balance of the ultimate Sale Price approved in the Sale Order (or the balance

of the respective highest bid), within five (5) days of the entry of the Sale Order, the Buyers shall surrender the Sale Price, already tendered by the Buyers to the Trustee, and the Trustee may retain the Sale Price as liquidated damages.

If the Highest Bidder is not the Buyers and fails to close the sale by timely paying the balance of the ultimate Sale Price approved by the Court within five (5) days after entry of the Sale Order, the Highest Bidder shall forfeit the deposit of the Opening Bid (defined below) and the next highest bidder shall pay the next highest bid within five (5) days of written notification, transmitted via email, of Highest Bidder's default.

7.    <u>Close of Sale</u>: The effectiveness of the APA is contingent upon entry of the Sale Order. Notwithstanding the pendency of an appeal of the Sale Order, so long as the Sale Order has not been stayed, the Trustee and the Buyers shall be obligated to consummate the transactions described within five (5) days from the entry of the Sale Order.

8.    <u>Bankruptcy Court Jurisdiction</u>: The Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce the APA.

9.    <u>Tax Consequences</u>: The Trustee expresses no opinion as to whether there are tax consequences to the Sale.

**V.    THE PROPOSED BIDDING PROCEDURES**

While the Trustee is prepared to consummate the sale of the Personal Property to the Buyers pursuant to the terms of the APA, he is obliged to seek the maximum price for the Personal Property.

Accordingly, the Trustee requests that the Bankruptcy Court authorize him to implement a bidding procedure regarding the Sale per the following terms (the "Bidding Procedures"):

1.    <u>Present at Hearing</u>: Buyers and any overbidders must appear in accordance with this Court's Zoom procedures as set forth in the attached Notice of Hearing.

2.    <u>Notice of Bidding</u>: Any party wishing to participate in the bidding process must notify the Trustee in writing, directed to David Seror, via email to dseror@bg.law and his counsel Tamar Terzian via email to tterzian@bg.law, respectively, of his/her/its intention to do so no later than **5:00 p.m. PT on October 19, 2021**.

2582743

3.    <u>Opening Bid</u>:  To be a qualified bidder ("Qualified Bidder"), each party participating in the bidding process (except for the Buyers, who have already submitted the entire Sale Price of $25,000.00 to the Trustee upon the execution of the APA), must remit to the Trustee payment in the form of a cashier's check or money order (no other form of payment shall be accepted) made payable to "David Seror, Chapter 7 Trustee" in a deposit amount of $27,000.00, which represents the amount of the opening bid (the "Opening Bid"), with subsequent bids being made in minimum increments of $500.00.

The Opening Bid must actually be received by the Trustee at least two (2) business days prior to the Hearing on the Motion at 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367. In addition to the Opening Bid, any party seeking to participate in the bidding process must submit to the Trustee at least two (2) business days prior to the Hearing, a cashier's check for such bidder's highest bid limit and the ability to close the Sale on or before five (5) days after the entry of the Sale Order, and to tender the balance of any bid made by such bidder, such proof to be deemed acceptable or unacceptable by Trustee in his sole discretion, subject to approval by the Court (and, if bidder is Debtor, documentary evidence to demonstrate that the source of the funds are derived from sources that are not property of the Estate).  An Opening Bid may, in the sole discretion of the Trustee and/or Trustee's counsel, be deemed inadequate and rejected.  The Opening Bid shall not be refundable if the Qualified Bidder is the Highest Bidder and is thereafter unable to complete the purchase of the Personal Property per the terms of the APA within five (5) days of the entry of the Sale Order.

4.    <u>Highest Bidder Subject to Terms of APA</u>.  In the event that the Buyers are not the Highest Bidder for the Personal Property, the Highest Bidder shall then become the buyer under the same terms and conditions as set forth in the APA without any modifications, excepting the Sale Price. Under these circumstances, the APA with the Buyers would no longer be effective.

The Trustee submits that the Opening Bid amount as well as the proposed bidding increments of $500.00 are appropriate to encourage a vigorous overbid process.  Thus, the proposed Bidding Procedures are appropriate and should be approved.

///

2582743

## VI.    DISCUSSION

### A.    The Bankruptcy Court Should Authorize the Sale of the Personal Property in Accordance with the APA

11 U.S.C. § 541(a)(1) provides that property of the debtor's bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." As of the Petition Date, the Personal Property became property of the Estate.

In the exercise of the Trustee's business judgment, the Trustee has determined that it is in the best interest of the Estate, its creditors, and all parties in interest for the Estate to sell the Personal Property to the Buyers (or a Highest Bidder) under the terms of the APA. The relief requested by this Motion is appropriate under the Court's authority to approve non-ordinary course transactions under § 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A trustee must demonstrate sound business judgment for a sale of assets outside of the ordinary course of business. *See, e.g., Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986). A trustee's application of his sound business judgment in the use, sale, or lease of property is subject to great judicial deference. *See, e.g., In re Canyon Partnership*, 55 B.R. 520 (Bankr. S.D. Cal. 1985).

In interpreting § 363(b)(1) of the Bankruptcy Code, courts have held that a transaction involving property of the estate generally should be approved where the trustee can demonstrate "some articulated business justification for using, selling, or leasing property outside of the ordinary court of business." *In re Cont'l Airlines, Inc.*, 780 F.2d at 1226; *accord In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Curlew Valley Assocs.*, 14 B.R. 506, 513-14 (Bankr. D. Utah 1981); *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (approval where a sound business purpose exists). In determining whether to approve a motion under § 363(b) of the Bankruptcy Code, courts consider factors such as: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed in good faith; and (d) whether adequate and reasonable notice is provided. *See, e.g., In re Condere,*

228 B.R. 615 (Bankr. S.D. Miss. 1998); *see also* 3 COLLIER ON BANKRUPTCY, ¶ 363.02 (15th ed. rev. 2009) (citing cases).

**B.      The Bankruptcy Court Should Authorize the Sale of the Personal Property Free and Clear of All Liens, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363(f)**

Based upon information supplied by Debtor, including Debtor's Schedules filed in this Bankruptcy Case, the Trustee believes the Personal Property is not subject to liens.

To the extent any other claims and interests against the Personal Property exist, the Trustee seeks Bankruptcy Court approval of the Sale free and clear of liens and interests pursuant to 11 U.S.C. § 363(f). Under § 363(f) of the Bankruptcy Code, a debtor may sell property "under subsection (b) or (c) or this section free and clear of any interest in such property of an entity other than the estate." 11 U.S.C. § 363(f). In particular, § 363(f) authorizes a debtor to sell property free and clear if:

(1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)      such entity consents;

(3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)      such interest is in bona fide dispute; or

(5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); *see also In re Collins*, 180 B.R. 447, 450 (Bankr. E.D. Va. 1995) ("Section 363(f) is phrased in the disjunctive, such that only one of the enumerated conditions must be met in order for the Court to approve the proposed sale."); *Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988); *In re P.K.R. Convalescent Ctrs., Inc.*, 189 B.R. 90, 94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens . . . Section 363(f) addresses sales free and clear of *any interest* . . . .") (emphasis in original).

Pursuant to 11 U.S.C. § 363(f)(4), an interest is in "bona fide dispute" if the nature, extent, or validity of the lien or underlying debt is disputed. *In re Keystone Mine Mgmt. II*, 2015 WL 4143510, *4 (Bankr. E.D. Cal. 2015); *see also In re Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*,

2582743

391 B.R. 25, 37 (B.A.P. 9th Cir. 2008).  The Trustee asserts that he is permitted to sell the Personal Property pursuant to § 363(f)(4) on the basis that the Trustee has reserved all right to dispute and object to the validity and scope or existence of any liens, that may be asserted as to the Personal Property.

The Trustee reserves all rights to object to the validity, scope, and priority of all claims and liens that may be asserted.  To the extent any liens are asserted against the Personal Property, such liens will attach to the funds received by the Estate from the sale of the Personal Property in the same priority, validity, and scope as such liens currently exist against the Personal Property, but the Personal Property will be sold free and clear of all liens.  Furthermore, the Trustee notes that the proceeds from the Sale of the Personal Property would be available to pay claims, including administrative claims, allowed under the enumerated sections of 11 U.S.C. § 507(a) prior to being available for the payment of any allowed claim.  See 11 U.S.C. § 724(b)(2).  Accordingly, pursuant to the distribution order set forth in Bankruptcy Code § 724(b), all Sale proceeds should be held by the Trustee pending full administration of this bankruptcy case.

## C.    Sound Business Reason Exists for the Sale of the Personal Property

The Trustee respectfully submits that adequate business reasons exist to justify the Sale.  As discussed herein throughout, the Trustee has determined that the sale of the Personal Property will assist in maximizing the return to creditors.  The value of these assets are for buyers that understand the business and can recover the funds from the Debtor's business.  In addition, the sale will allow him to liquidate the Estate's interests in the Personal Property and to move towards case closure.

## D.    The Proposed Consideration is Fair and Reasonable

The Trustee believes the terms of the APA represent fair and reasonable consideration for the Personal Property.  In order to establish the benchmark for fair and reasonable consideration for the Personal Property, among other things, the Trustee reviewed accounts receivables.  As there is no ready market for these assets which would provide the Estate with compensation equivalent to that achievable through direct sale by the Trustee, the Trustee believes this is the best means for establishing whether a fair and reasonable price is being paid for the Personal Property.

2582743

**E.    The Court Should Find That Notice Was Provided To Debtor Pursuant to 11 U.S.C. § 363(i)**

Pursuant 11 U.S.C. § 363(i), before the consummation of a sale if property of the estate that was community property of the debtor spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

To the extent that the Personal Property is community property, Debtor and his spouse are hereby notified that they have the right to purchase the Personal Property at the price at which the Trustee intends to sell the Property, and the Notice of Sale advises all interested parties of this issue.

**F.    The Trustee Negotiated the Sale of the Personal Property in Good Faith**

Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in *good faith* . . . ." 11 U.S.C. § 363(m) (emphasis added).  The APA was a product of a good faith, arm's length negotiation between the Trustee and the Buyers.    Accordingly, the Trustee requests that the Court find that the Buyer is a "good faith" purchaser for the purposes of § 363(m) of the Bankruptcy Code with respect to the Sale.  At the hearing, there will be an opportunity for overbids to ensure that the Personal Property are sold for the highest price possible.

If the Buyers are not the Highest Bidder at the Hearing, Trustee will request an opportunity at the Hearing for the Court to make a finding that the qualified Highest Bidder is a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

**G.    Adequate Notice of the Sale is Being Provided**

To ensure that adequate notice of the Motion is provided, the Trustee has served the Motion and the notice of the Motion upon all creditors and parties in interest.  Concurrently with the filing hereof, notice on the Bankruptcy Court-approved Form F 6004-2 will be submitted to the Bankruptcy Court's clerk for publication on the Bankruptcy Court's website pursuant to Local Bankruptcy Rule 6004-1(f).  Notice of the Sale will also be published on the Danning, Gill, Diamond, & Kollitz LLP website and the website of the National Association of Bankruptcy Trustees.  Finally, notice of this

2582743

1  Motion has been provided to Debtor, the Office of the United States Trustee, and all other interested

2  parties pursuant to F.R.B.P. 2002(a).  The Trustee submits, and therefore requests that the Sale Order

3  finds, that such notice constitutes good and sufficient notice of the relief requested in the Motion.

4      **H.      The Court Should Waive the Stay Provided by Federal Rules of Bankruptcy**

5          **Procedure 6004(h)**

6      The Trustee requests that the Court waive the automatic stay provisions of F.R.B.P. 6004(h).

7  The purpose of this rule is to provide sufficient time for an objecting party to appeal before a sale

8  order can be implemented.  *See* Advisory Committee Notes to Bankruptcy Rule 6004(h).  Although

9  F.R.B.P. 6004(h) is silent as to when a court should "order otherwise" and eliminate or reduce the

10 stay, Collier on Bankruptcy suggests that the period should be eliminated to allow a sale or other

11 transaction to close immediately "when there has been no objection to the procedure."  10 COLLIER

12 ON BANKRUPTCY, ¶ 6004.10 (15th ed. rev. 2009).  Furthermore, Collier suggests that if an

13 objection is filed and overruled, and the objecting party informed the court of its intent to appeal, the

14 stay should be reduced to the amount of time actually necessary to file such appeal and to seek a

15 stay.  Id. The Trustee thus requests that the Court waive the stay under F.R.B.P. 6004(h), unless an

16 objecting party seeks to file an appeal and demonstrates that they stay is necessary to further an

17 appeal.

18 **VII.    CONCLUSION**

19     Based on the foregoing, the Trustee respectfully request that the Court enter an order:

20     1.    Approving the Bidding Procedures as set forth in the Motion;

21     2.    Approving the sale of the Personal Property, free and clear of liens, interests, claims and

22 encumbrances pursuant to 11 U.S.C. § 363(f), but with such liens, claims, encumbrances and

23 interests to attach to the sale proceeds with the same priority and rights of enforcement as previously

24 existed, subject to any objections or dispute, to the Buyer or the Highest Bidder pursuant to the terms

25 of the APA;

26     3.    Authorizing the sale of the Personal Property to the Buyer or the Highest Bidder on an

27 AS-IS, WHERE- IS basis, without any representations or warranties by the Trustee;

28 ///

4.      Authorizing the payment of the ordinary costs of sale from the Trustee's account at the time of sale, if any;

5.      Finding that the Buyer or the Highest Bidder (if not the Buyer) is a "good faith" purchaser pursuant to 11 U.S.C § 363(m);

6.      Authorizing that pursuant to the distribution order set forth in Bankruptcy Code § 724(b), all Sale proceeds should be held by the Trustee pending full administration of this bankruptcy case;

7.      Authorizing and empowering the Trustee to execute and deliver on behalf of the Estate any and all documents as are reasonably necessary to implement the terms of the proposed Sale;

8.      Finding that notice given by the Trustee in connection with the Sale and the hearing thereon is adequate, sufficient, proper and complies with all applicable provisions of title 11 of the United States Code and the F.R.B.P.;

9.      Waiving the 14-day stay prescribed by F.R.B.P 6004(h); and

10.     Granting such other and further relief as this Court deems just and appropriate.

DATED:  September 29, 2021          BRUTZKUS GUBNER


By: /s/ Tamar Terzian
      Tamar Terzian
      Attorneys for David Seror, Chapter 7 Trustee

2582743

## DECLARATION OF DAVID SEROR

I, David Seror, hereby declare that the following is true and correct and that if called to testify, I could do so competently as to the following:

1.      I am the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of debtor Tadeh Ahani Avanessians ("Debtor") and I am familiar with the Motion for Order Approving the Bidding Procedures and Authorizing the Sale ("Sale") of Certain Personal Property Assets of the Estate Free and Clear of All Liens, Interests, Claims and Encumbrances with such Liens, Interests, Claims and Encumbrances to attach to Proceeds Pursuant to 11 U.S.C. Section 363(b), (f) and (i) and a Determination that Buyer is Entitled to Protection Pursuant to Section 363(m) (the "Motion") filed on behalf of the Estate and the proposed sale transaction with proposed buyers, Michael Trunnell, an individual and David Sagherian, an individual,  (collectively "Buyers") as contemplated and as more fully set forth in the Asset Purchase Agreement dated September 15, 2021 ("APA") and attached hereto as **Exhibit "1"**.  I make this Declaration in support of the Motion.  Unless otherwise defined, all capitalized terms herein shall have the same meaning as prescribed to them in the Motion.[3]

2.      The Debtor filed a bankruptcy petition on July 8, 2020 ("Petition Date").  I was subsequently appointed as the trustee of the Estate, in which capacity I continue to serve.

3.      Based on my review of the Debtor's bankruptcy petition and schedules, and my related investigation, it appears that the Debtor's interest in ATS is an asset of the Estate with a stated value of "Unknown.".

4.      The Personal Property that is the subject of the proposed Sale and more fully described in the APA consists of the (a) any and all of Debtor's alleged ownership interests in ATS (albeit disputed), including all Debtor's ATS shares and any and all rights to distributions or other payments from ATS[4]; (2) Any and all of Debtor's alleged claims against ATS and/or its principals,

---

[3] This description of the terms of the APA in the Motion is for informational purposes only. To the extent that the description of such terms as provided in the Motion is inconsistent with the terms of the APA, the terms of the APA control.

[4] For purposes of disclosure, the ATS shares are subject to restrictions on transfer and other restrictions imposed by the ATS corporate agreements.  Buyers are taking the ATS shares, subject to all restrictions.

2582743

Michael Trunnel and David Sagherian (both individually and in all ATS corporate capacities), including, but is not limited to any and all pre-petition claims alleged (or not alleged) by the Debtor in his Bankruptcy Schedules (including amended Schedules), any and all derivative claims alleged (or not alleged) by the Debtor as a putative shareholder of ATS, and any and all other alleged claims by the Debtor and/or Estate against ATS, and/or its principals whether contingent, unliquidated or disputed; and (3) any and all of the of the Debtor's alleged claims in his Bankruptcy Schedules (including amended Schedules) for, "Money owed to Debtor from his former partnership ATS Accounting

5.      The Motion seeks authorization and approval of the Sale, free and clear of all liens, claims, encumbrances and interest on an "AS-IS, WHERE-IS" basis with no representations and warranties to the Buyers, or the qualified Highest Bidder, pursuant to the terms of the APA.

6.      The proposed Buyers recently presented me with an offer to purchase the Personal Property as described in the APA and on such terms as further described in the APA.

7.      I believe that the Bidding Procedures and the proposed Sale of the Personal Property as set forth in the Motion are necessary in order to liquidate the assets of the Estate, are in the best interest of the Estate, are being conducted in the normal process of liquidating the Estate, and will infuse funds into the Estate for distribution to creditors.  To comply with my fiduciary duty to maximize the value of the Personal Property to the Estate, I intend to solicit higher and better offers for the Personal Property prior to and during the hearing to approve the Motion via notice and publication of the sale, which will reach those parties most likely to have an interest in making an offer at auction for the Personal Property.  I have found there to be no ready market for these assets and therefore it is my opinion that the Motion and its proposed sale mechanism and bidding procedures are the best means for establishing whether a fair and reasonable price is being paid for the Personal Property.

8.      Although I will continue to pursue higher and better offers, I believe the Buyer's Sale Price of $25,000 for the Personal Property constitutes a fair and reasonable price for the Personal Property.

2582743

9.      I will implement the sale and Bidding Procedure described in the Motion to seek higher and better offers for the Personal Property and, in my business judgment, such process satisfies my fiduciary duty to maximize the value of the Personal Property for the benefit of the Estate.  Buyers have offered a Sale Price of $25,000, and I believe an Opening Bid at $27,000, is appropriate,  I also request a minimum overbid increment of $500.00.

10.      I submit that the Opening Bid as well as the overbid increments of $500.00, as set forth in the Motion, are appropriate to encourage a vigorous overbid process, but are also in line with consideration of the fact that the Buyer has expended, and will continue to expend, considerable time, money, and energy pursuing the APA and contemplated Sale, and has engaged in extended and good faith negotiations with me.

11.      Upon information supplied by the Debtor, including the Debtor's Schedules filed in this case, I do not believe there are potential liens and claims against the Personal Property.

12.      I reserve all rights to object to the validity, scope, of any and all other claims and liens that have or may be asserted.  To the extent any liens are asserted against the Personal Property, such liens will attach to the funds received by the Estate from the sale of the Personal Property in the same priority, validity, and scope as such liens currently exist against the Personal Property, but the Personal Property will be sold free and clear of all liens.  Furthermore, the proceeds from the Sale of the Personal Property would be available to pay claims, including administrative claims, allowed under the enumerated sections of 11 U.S.C. § 507(a) prior to being available for the payment of any allowed claim by the IRS.  See 11 U.S.C. § 724(b)(2).  Accordingly, pursuant to the distribution order set forth in Bankruptcy Code § 724(b), all Sale proceeds should be held by me pending full administration of this bankruptcy case

13.      In the exercise of my business judgment, I have determined that it is in the best interest of the Estate, its creditors, and all parties in interest for the Estate to sell the Personal Property to the Buyers (or such other bidder that presents a higher and better offer, *i.e.* the qualified Highest Bidder) under the terms of the APA.

14.      I believe that adequate business reasons exist to justify the sale of the Personal Property.  As set forth above, I have determined that the sale of the Personal Property will assist in

2582743

1  maximizing the return to creditors. Thus, I believe that the proposed Sale is in the best interest of the

2  Estate and its creditors, as it represents the highest and best use for the Personal Property.

3       15.    The APA was the product of a good faith, arm's length negotiation with the Buyers.

4  Accordingly, the Motion requests that the Bankruptcy Court find that the Buyer is a "good faith"

5  purchaser for the purposes of 11 U.S.C. § 363(m) with respect to the Sale.

6       16.    As more fully defined described in the Motion and the APA, such that if and only if

7  Buyers are not the Highest Bidder at the hearing on the Motion or, in the event that Highest Bidder

8  defaults, and Buyers are not the next highest bidder who is asked to pay the next highest bid, then

9  and only then, I will refund to Buyers the deposit of the Sale Price.

10       17.    To ensure that adequate notice of the Motion is provided, I will direct my counsel to

11  serve the Notice of Motion, including a copy of the Asset Purchase Agreement, which will set forth

12  the relevant terms of the sale and bidding procedures.

13      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

14  States of America that the foregoing is true and correct.

15      Executed this _28th_ day of September, 2021, in Woodland Hills, California.

16

17

18                  David Seror

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement (the "Agreement"), dated as of September 15, 2021, is entered into by and between Michael Trunnell, an individual, and David Sagherian, an individual (together, "Buyer"), on the one hand, and David Seror, solely in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate (the "Estate") of debtor Tadeh Ahani Avanessians ("Debtor") Chapter 7 Bankruptcy Case No. 1-20-bk-11196-MT (the "Case") in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the "Court"), on the other hand. Together, Buyer and Trustee hereinafter shall be referred to as the "Parties.'

## RECITALS

A.    The assets that are the subject of this Agreement consist of the Estate's rights, title and interests, if any, in the following (referred to herein collectively as the "Purchased Assets"):

1.    Any and all of the Debtor's alleged ownership interests in ATS Accounting Group, Inc. ("ATS")[1] (albeit disputed), including all Debtor's ATS shares and any and all rights to distributions, dividends, or other payment(s) from ATS. Shares are subject to restrictions on transfer and other restrictions imposed by the ATS corporate agreements;

2.    Any and all of the Debtor's alleged claims against ATS and/or its principals, Michael Trunnel and David Sagherian (both individually and in all ATS corporate capacities), including, but is not limited to any and all pre-petition claims alleged (or not alleged) by the Debtor in his Bankruptcy Schedules (including all amended Schedules), any and all derivative claims alleged (or not alleged) by the Debtor as a putative shareholder of ATS, and any and all other alleged claims by the Debtor and/or Estate against ATS and/or its principals, whether contingent, unliquidated or disputed; and

3.    Any and all of the of the Debtor's alleged claims in his Bankruptcy Schedules (including all amended Schedules) for, "Money owed to Debtor from his former partnership ATS Accounting".

B.    Trustee is the duly appointed chapter 7 trustee for the Estate.

C.    Subject to approval by the Court, Section 363(f) of the United States Bankruptcy Code authorizes Trustee to assign, sell and transfer the Purchased Assets pursuant to this Agreement on an "AS-IS, WHERE IS" basis, without any representations or warranties of any kind.

---

[1] ATS is a California corporation, however, to the extent ATS is claimed to be a partnership by the Debtor, Estate or otherwise, then all references to ATS herein shall include ATS as an alleged partnership.

1

# AGREEMENT

In consideration of the mutual covenants and agreements reflected herein, and for other good and valuable consideration, receipt of which is hereby acknowledged, the Parties to this Agreement agree as follows:

1. **Purchase of the Purchased Assets; Sale Price**. Buyer shall purchase the Purchased Assets from the Estate for a total sales price of $25,000.00 (the "Sale Price") payable upon the execution of this Agreement, subject to overbid pursuant to the overbid procedure to be set forth in the Motion for Order Approving the Overbid Procedures and Authorizing Trustee to Sell Purchased Assets Free and Clear of Liens and Determining that Buyer is Entitled to Protection under Section 363(m) (the "Motion") that Trustee shall file and serve as soon as practicable after receipt of the fully executed Agreement and Sale Price. Upon receipt, Trustee shall deposit the Sale Price into the Estate bank account. The order approving the Motion shall be referred to herein as the Sale Order.

2. **As-Is; Where-Is**. Buyer agrees to purchase the Purchased Assets on an "AS-IS, WHERE-IS" basis.

3. **No Representations or Warranties**. Buyer acknowledges that Trustee made no investigation of, nor makes any representation or warranty regarding, the Purchased Assets.

4. **Refund of Sales Price**. The Parties shall be responsible for their respective legal, accounting, and other fees and expenses related to the transactions contemplated by this Agreement. If and only if Buyer is not the highest bidder at the hearing on the Motion (the "Hearing") or, in the event that highest bidder defaults, and Buyer is not the next highest bidder, Trustee will promptly refund to Buyer the Sale Price of $25,000.00 tendered by Buyer to purchase the Purchased Assets.

5. **Surrender of Sale Price if Buyer Defaults**. If the Court approves the sale of the Purchased Assets, and the highest bidder, or the next highest bidder in the event that the highest bidder defaults, does not tender the balance of the respective highest bid, or next highest bid as applicable, within five (5) days from the entry of the Sale Order, then the highest bidder or the next highest bidder, as applicable, shall surrender the deposit as liquidated damages.

6. **Motion and Buyer's Acknowledgment that Court Approval is Sole Contingency**. Buyer acknowledges that sale of the Purchased Assets pursuant to this Agreement is subject to prior approval by the Court and the entry of the Sale Order. As such, the Court's approval of this Agreement, the entry of the Sale Order, and Trustee's execution of related documents reasonably necessary to consummate the assignment, sale and transfer of the Purchased Assets are the only contingencies of sale.

7. **Motion, Hearing, Overbid Procedure, and Order**. Following receipt of a fully executed copy of this Agreement, Trustee shall promptly file and serve the Motion and the notice of the Motion. The Trustee will accept overbids with an opening overbid in the form of a cashier's check, payable to the Trustee, in an amount of at least $27,000.00 (the "Opening Overbid"). Any such Opening Overbid(s) must be received by the no later than 5:00 p.m. PST,

2

two (2) business days before the Hearing, at 21650 Oxnard Street, Suite 500, Woodland Hills, California 91367. In addition to the Opening Overbid, the party seeking to participate in the overbid process must also submit to the Trustee at least two (2) business days before the Hearing, evidence of their bid limit in liquid funds available, and ability to close the sale on or before five (5) days after the entry of the Sale Order. In the event an auction is held at the Hearing, any successive bids, after the Opening Overbid, must be in increments of at least $500.00. Only Buyer and any party timely submitting an Opening Overbid shall be entitled to participate in the auction at the Hearing. The bidder making the highest and best offer which is accepted by the Trustee and approved by the Court (the "Highest Bidder") shall be obligated to enter into this Agreement without any modifications and under the same terms and conditions as the Buyer, excepting the Sale Price and the identity of the buyer. At the conclusion of the Hearing, Trustee shall lodge the proposed Sale Order with the Court for approval of the sale of the Purchased Assets to Buyer pursuant to this Agreement or to the Highest Bidder approved by the Court at the Hearing.

8.  **Closing of Sale and Transfer of Purchased Assets**. Within five (5) business days after entry of the Order approving this Sale, Highest Bidder shall tender any amount in addition to the Sale Price, if such higher amount is approved by the Court in the Sale Order as the highest bid. After entry of the Sale Order, and after receipt in full by the Trustee of the entire Sales Price, Trustee shall execute and deliver to Buyer any and all documents reasonably necessary to sell, assign and transfer all of the Estate's right, title and interest in the Purchased Assets from the Estate to Buyer including a bill of sale and various assignments, as applicable.

9.  **Representations by and Warranties of Buyer**. Buyer represents and warrants to Trustee that Buyer has all power and authority to enter into this Agreement and the transactions related thereto, and that this Agreement is a valid and binding obligation of Buyer, enforceable in accordance with its terms, except as limited by applicable bankruptcy, state or other laws of general application or by general principles of equity that restrict the availability of equitable remedies.

10.  **Miscellaneous.**

a.  **Disputes**. The Bankruptcy Court shall have sole and exclusive jurisdiction over any dispute between the Parties over the terms of this Agreement and over any transaction or event referenced or contemplated by this Agreement.

b.  **Bankruptcy Court Jurisdiction**. The Court shall have continuing jurisdiction to interpret and enforce this Agreement.

c.  **Amendment and Waiver**. Neither this Agreement, nor any of the provisions hereof, may be changed, waived, discharged or terminated, except by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

d.  **Successors and Assigns**. This Agreement shall be binding upon, and inure to the benefit of, the Parties hereto and their respective successors and assigns.

3

PURCHASE AGREEMENT - CGM CLEAN 9.14.21.DOC

e.    **Attorneys Fees**.    In the event any suit or action is instituted to enforce any provision of this Agreement, the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs and expenses of enforcing any right of such prevailing party under or with respect to this Agreement, including, but not limitation such reasonable fees and expenses of attorneys and accountants, which shall include, without limitations all fees, costs and expenses of appeals.

f.    **Headings**.    Paragraph headings contained in this Agreement are for reference purposes only, and shall not affect in any way the meaning or interpretation of this Agreement.

g.    **Third Party Rights**.    Except with respect to the releases provided for above, no rights are intended to be created in any person not a party to this Agreement.

h.    **Counterparts; Electronic Delivery**.    This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which taken together constitute one and the same instrument.    Receipt by facsimile, scanned copy or portable document format (PDF) of any executed signature page to this Agreement shall constitute effective delivery of such signature page.

i.    **Entire Agreement**.    This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter of this Agreement.

j.    **Understanding of the Parties**.    The Parties have each read this Agreement carefully, and the contents hereof are known and understood by all, and the Agreement is signed freely by each person executing this Agreement.    Prior to the execution of this Agreement by the Parties, and each of them, each of the Parties hereto has had the opportunity to receive independent legal advice by attorneys of his or her choice with respect to the advisability of executing this Agreement.

k.    **No Statements, Representations, and/or Reliance**.    Except as expressly stated in this Agreement, neither of the Parties hereto has made any statement or representation to any other party regarding any fact relied upon by such other party entering into this Agreement, and each of the Parties specifically does not rely upon any statement, representation or promise of any other party in executing this Agreement, except as expressly stated in this Agreement.

l.    **Construing the Agreement**.    This Agreement shall be construed without regard as to which party drafted the Agreement, and this Agreement shall be construed as if the Parties hereto participated equally in the drafting of the Agreement.

m.    **Applicable Law**.    This Agreement shall be construed in accordance with, and governed by, the laws of the State of California and applicable federal law.

n.    **Severability**.    Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be valid under applicable law, but if any provision of this Agreement shall be invalid, or prohibited thereunder, such provision shall be ineffective to the

4

extent of such prohibition without invalidating the remainder of such provision or the remaining provisions of this Agreement.

     o.    **Recitals**.  The recitals at the beginning of this Agreement are incorporated herein by this reference.

     p.    **Terms**.  Whenever the singular number is used in this Agreement, and when required by the context, the same shall include the plural, and the masculine, and feminine and neuter genders shall each include the others.

     q.    **Representations and Warranties**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement.  All obligations of the Parties to this Agreement which have not been fully performed, paid and satisfied as of the full execution of the Agreement shall survive the execution and delivery of this Agreement.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the date first written above.

## SIGNATURES OF THE PARTIES

**BUYER:**

By: _____

    Michael Trunnell

By: _____

    David Sagherian

**ESTATE:**

By: _____

    David Seror
    Chapter 7 Trustee for the Estate of Tadeh Ahani Avanessians
    Case No. 1-20-bk-11196-MT

5

extent of such prohibition without invalidating the remainder of such provision or the remaining provisions of this Agreement.

o.     **Recitals**.  The recitals at the beginning of this Agreement are incorporated herein by this reference.

p.     **Terms**.  Whenever the singular number is used in this Agreement, and when required by the context, the same shall include the plural, and the masculine, and feminine and neuter genders shall each include the others.

q.     **Representations and Warranties**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement.  All obligations of the Parties to this Agreement which have not been fully performed, paid and satisfied as of the full execution of the Agreement shall survive the execution and delivery of this Agreement.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the date first written above.

## SIGNATURES OF THE PARTIES

**BUYER:**

By:     _____

Michael Trunnell

By:     _____

David Sagherian

**ESTATE:**

By:     _____

David Seror
Chapter 7 Trustee for the Estate of Tadeh Ahani Avanessians
Case No. 1-20-bk-11196-MT

5

extent of such prohibition without invalidating the remainder of such provision or the remaining provisions of this Agreement.

o.  **Recitals**.  The recitals at the beginning of this Agreement are incorporated herein by this reference.

p.  **Terms**.  Whenever the singular number is used in this Agreement, and when required by the context, the same shall include the plural, and the masculine, and feminine and neuter genders shall each include the others.

q.  **Representations and Warranties**.  All representations and warranties contained herein shall survive the execution and delivery of this Agreement.  All obligations of the Parties to this Agreement which have not been fully performed, paid and satisfied as of the full execution of the Agreement shall survive the execution and delivery of this Agreement.

IN WITNESS WHEREOF, the Parties have duly executed this Agreement as of the date first written above.

### SIGNATURES OF THE PARTIES

**BUYER:**

By: _____

Michael Trunnell

By: _____

David Sagherian

**ESTATE:**

By: _____

David Seror
Chapter 7 Trustee for the Estate of Tadeh Ahani Avanessians
Case No. 1-20-bk-11196-MT

5

**26**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: MOTION BY CHAPTER 7 TRUSTEE TO: (1) APPROVE SALE OF PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. § 363(b), (f) and (i); (2) APPROVE BIDDING PROCEDURES; AND (3) DETERMINE THAT BUYERS ARE ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. § 363(m); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID SEROR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **September 29, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On **September 29, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY UNDER 25 PAGES IS TEMPORARILY SUSPENDED (GENERAL ORDER 21-05).**

Honorable Maureen A. Tighe
United States Bankruptcy Court
21041 Burbank Blvd., Suite 324
Woodland Hills, CA  91367-6606

<u>Debtor</u>
Tadeh Ahani Avanessians
17118 Index Street
Granada Hills, CA 91344-4131

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| September 29, 2021 | ABBIE AU | /s/ Abbie Au |
| *Date* | *Printed Name* | *Signature* |

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Angela Bowers**    cbp@springleaf.com
- **Sevan Gorginian**    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Kirsten Martinez**    Kirsten.Martinez@bonialpc.com, Notices.Bonial@ecf.courtdrive.com
- **Dennis E McGoldrick**    dmcgoldricklaw@yahoo.com, demcg@demcg.com
- **Monserrat Morales**    Monsi@MarguliesFaithLaw.com,
  Vicky@MarguliesFaithLaw.com;Helen@marguliesfaithlaw.com;Angela@MarguliesFaithlaw.com
- **Bretton I Pollack**    brett.pollack@ppkfirm.com
- **David Seror (TR)**    aquijano@bg.law, C133@ecfcbis.com;mgalvan@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Yuri Voronin**    yvoronin@lawyer.com